1  Paul D. Jackson, Cal. St. Bar No. 59542
   Jeffrey P. Jackson, Cal. St. Bar No. 290364
2  LAW OFFICES OF PAUL D. JACKSON
   10951 Sorrento Valley Road, Suite 1-G
3  San Diego, CA 92121-1613
   Voice (858) 552-4900
4  Fax (858) 552-4904
   e-mail: paul@jacksonlaw.biz
5
   Attorneys for Plaintiff
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 LOGAN HALLIWELL and          Case No.:  '13CV2014 L    BGS
   AARON SLEICHTER,
12                              COMPLAINT FOR DAMAGES FOR:

13 Plaintiffs,                  1)   FAILURE TO PAY OVERTIME IN
                                     VIOLATION OF STATE LAW;
14 v.                           2)   FAILURE TO PAY OVERTIME IN
                                     VIOLATION OF FEDERAL LAW;
15 A-T SOLUTIONS,               3)   FAILURE TO PAY WAGES FOR
                                     BEING HELD ON CALL IN
16                                   VIOLATION OF STATE LAW;
17 Defendant.                   4)   FAILURE TO PAY WAGES FOR
                                     BEING HELD ON CALL IN
                                     VIOLATION OF FEDERAL LAW;
18                              5)   FAILURE TO PROVIDE PROPER
                                     WAGE STATEMENTS AS
19                                   REQUIRED BY STATE LAW;
                                6)   FAILURE TO EITHER TIMELY PAY
20                                   ALL WAGES DUE AT EMPLOYEES'
                                     TERMINATION OR TO PAY
21                                   CONTINUATION WAGES AS
                                     REQUIRED BY STATE LAW;
22                              7)   CIVIL PENALTIES PURSUANT TO
                                     THE CALIFORNIA PRIVATE
23                                   ATTORNEYS GENERAL ACT; and

24                              DEMAND FOR JURY TRIAL

25 //

26 //

27 //

28 //

1.     Plaintiffs are, and at all times relevant hereto were, residents of California.

2.     Defendant is a private corporation doing business at various locations throughout the United States including at San Diego, California.

3.     Jurisdiction is brought under 28 USC § 1331 because the action arises under the laws of the United States.

4.     Venue of this action is laid in this district under the provisions of 28 U.S.C. § 1391(b)(1) because Defendant A-T Solutions is subject to the personal jurisdiction of this Court and therefore resides in this district pursuant to 28 U.S.C. § 1391(c)(2) and the A-T Solutions office to which plaintiffs reported was located in the city of San Diego, CA.

5.     Plaintiffs are informed and believe and thereon allege that, except as otherwise stated herein, each of the natural persons referred to herein, either by true name or by a fictitious name, was an officer, employee, or agent of the defendant and was acting, at least in part, in the course and scope of his or her employment or official duties as such officer, employee or agent and that defendant is, therefore, liable for the acts and omissions of each such natural person under the doctrine of *respondeat superior*.

6.     The acts or omissions of the natural persons mentioned or alluded to herein and each of them were authorized and/or ratified by the officers, directors and/or managing agents of A-T Solutions.

//

## BACKGROUND FACTS

7.     Plaintiff Logan Halliwell became an employee of A-T Solutions (hereinafter "A-T" or "Defendant") in or about August 2011 and was employed there until January 9, 2013.

8.     Plaintiff Aaron Sleichter became an employee of A-T Solutions in or about October 2009 and was employed there until the fall of 2012.

9.     Plaintiffs Halliwell and Sleichter and the other employees in connection

Complaint for Damages

with whose work they seek to collect civil penalties pursuant to the cause of action below brought pursuant to the California Labor Code Private Attorneys Act were referred to as Combat Ready Instructors.  All such persons employed in California, including but not limited to Halliwell and Sleichter, are as a group hereafter referred to as "CRIs."

10.    Defendant A-T Solutions is a government contractor for the U.S. military, and employed both plaintiffs as combat ready instructors and assigned them to work out of its offices in San Diego, California and to give instructions to military personnel at various sites in Southern California, including both San Diego, California and the Naval Air Weapons Station in China Lake, California (hereafter "NAWS").

11.    Plaintiffs are informed and believe and thereon allege that despite the fact that some of their work and the work of the other CRIs was performed at the NAWS or at other military bases, the vast majority of the CRIs' work was performed at locations that do not qualify as "federal enclaves" and that the California Labor Code and the regulations promulgated thereunder controlled the wages and other employment related benefits to which the CRIs were due.

12.    Plaintiffs' performances were at all times fully satisfactory or better.

13.    Upon hire, Plaintiffs and other CRIs were informed that they would be paid as exempt employees, and were to be paid on a bimonthly basis.

14.    However, neither the plaintiffs nor the other CRIs were exempt employees.

15.    All of the CRIs routinely worked more than 8 hours a day and 40 hours a week, but were not paid overtime for such work.

16.    While the CRIs were giving instructions to military personnel at the NAWS, in addition to actively working more than 8 hours a day and 40 hours a week, the CRIs were required to remain on call and on the base.  The CRIs were also not compensated for being held on call at the base.

17.    On April 24, 2013, plaintiffs Halliwell and Sleichter sent a certified letter to

| Complaint for Damages | |
|---|---|
| | |

both the California Labor Workforce Development Agency and A-T SOLUTIONS setting forth the specific provisions of the California Labor Code they allege have been violated, including the facts and theories to support the alleged violations. On June 20, 2013, Plaintiffs received notice from the Labor and Workforce Development Agency that the agency did not intend to investigate the allegations contained in the April 24, 2013 letter. Plaintiffs have, therefore, exhausted the administrative requirements necessary prior to bringing a cause of action pursuant to the California Labor Code Private Attorneys Act (Cal. Labor Code Section 2698 et seq.).

18.     On May 28, 2013, plaintiffs Halliwell and Sleichter entered into a written "Tolling Agreement" with the Defendant A-T Solutions which stated, among other things, that the time period between May 28, 2013 and July 29, 2013 shall not be counted when calculating any limitations periods for the Plaintiffs' claims.  On July 24, 2013 said Tolling Agreement was extended so that the tolling period would be extended though August 28, 2013.  True and correct copies of said Tolling Agreement and its Extension are attached as Exhibit A.

//

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME IN VIOLATION OF STATE LAW

19.     Plaintiffs reallege each and every allegation as set forth, *supra*, and incorporate them herein by reference as though fully set forth hereat.

20.     Defendant's failure to pay Plaintiffs one and a half times their regular rate of pay for all of their work in excess of 8 hours a day and/or 40 hours a week as alleged in paragraphs 14, 15 and 16 was a violation of California Labor Code Section 510.

21.     As a proximate result of the aforementioned wrongful acts and/or omissions of Defendant, Plaintiffs have suffered, and continues to suffer from: substantial losses in earnings and other employment related benefits in an amount unknown at

1   this time but which will be shown according to proof at the time of trial.

2         WHEREFORE, Plaintiffs request relief as prayed for herein.

3   //

4   ### SECOND CAUSE OF ACTION

5   **FAILURE TO PAY OVERTIME IN VIOLATION OF FEDERAL LAW**

6   22.    Plaintiffs reallege each and every allegation as set forth, *supra*, and

7   incorporate them herein by reference as though fully set forth hereat.

8   23.    Plaintiffs allege that the acts referred to in paragraphs 14, 15, and 16, *supra*,

9   were a failure to pay overtime wages when Plaintiffs worked more than 8 hours in

10   a day or 40 in a week and failure to pay double-time wages when Plaintiffs worked

11   more than 12 hours in a day.

12   24.    Failure to pay overtime wages for wages in excess of 40 hours in a week to

13   employees engaged in commerce or work affecting commerce is violative of the

14   Fair Labor Standards Act, 29 USC § 207(a), *inter alia*.

15   25.    As a proximate result of the aforementioned wrongful acts and/or omissions

16   of Defendant or its agents, Plaintiffs have suffered and continue to suffer from:

17   substantial losses in earnings, and other employment related benefits all to their

18   damage in an amount unknown at this time, but which will be shown according to

19   proof at the time of trial.

20   26.    WHEREFORE, Plaintiffs request relief as prayed for below.

21   //

22   ### THIRD CAUSE OF ACTION

23   **FAILURE TO PAY WAGES FOR BEING HELD ON CALL IN**

24   **VIOLATION OF STATE LAW**

25   27.    Plaintiffs reallege each and every allegation as set forth, *supra*, and

26   incorporate them herein by reference as though fully set forth hereat.

27   28.    An employee who is required to remain on call on the employer's premises

28   or so close to the premises that the employee cannot use the time effectively for

his or her own purpose is considered to be "working while on-call."  Failure to pay employees who are working who are engaged to wait, as alleged in Paragraph 16, violates various provisions of the California Labor Code, including California Labor Code §§203, 204, 206 and 227, as well as constitutes common law conversion of the funds rightfully owned by the Plaintiffs.

29.     As a proximate result of the aforementioned wrongful acts and/or omissions of Defendant, Plaintiffs have suffered, and continues to suffer from: substantial losses in earnings and other employment related benefits in an amount unknown at this time but which will be shown according to proof at the time of trial.

WHEREFORE, Plaintiffs request relief as prayed for herein.

//

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR BEING HELD ON CALL  IN VIOLATION OF FEDERAL LAW

30.     Plaintiffs reallege each and every allegation as set forth, *supra*, and incorporate them herein by reference as though fully set forth hereat.

31.     An employee who is required to remain on call on the employer's premises or so close to the premises that the employee cannot use the time effectively for his or her own purpose is considered to be "working while on-call."  Failure to pay employees who are working who are engaged to wait violates the Fair Labor Standards Act, as well as 29 CFR 785.17.

32.     As a proximate result of the aforementioned wrongful acts and/or omissions of Defendant, Plaintiffs have suffered and continue to suffer from: substantial losses in earnings, and other employment related benefits, all to their damage in an amount unknown at this time, but which will be shown according to proof at the time of trial.

WHEREFORE, Plaintiffs request relief as prayed for below.

//

| Complaint for Damages | |
|---|---|
| | |

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE PROPER WAGE STATEMENTS AS REQUIRED BY STATE LAW**

33.     Plaintiffs reallege each and every allegation as set forth, *supra*, and incorporate them herein by reference as though fully set forth hereat.

34.     As a result of the acts alleged in paragraphs 14, 15 and 16, Defendant knowingly and intentionally failed to provide Plaintiffs with a true and accurate wage statement showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the plaintiffs in violation of California Labor Code Section 226(a).

35.     Pursuant to California Labor Code Section 226(e), Plaintiffs are entitled to a penalty in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period.  In addition, Plaintiffs are entitled to attorneys' fees and costs in an amount to be proved at trial.

        WHEREFORE, Plaintiffs request relief as prayed for herein.

//

**SIXTH CAUSE OF ACTION**

**FAILURE TO EITHER TIMELY PAY ALL WAGES DUE AT EMPLOYEES' TERMINATION OR TO PAY CONTINUATION WAGES AS REQUIRED BY STATE LAW**

36.     Plaintiffs reallege each and every allegation as set forth, *supra*, and incorporate them herein by reference as though fully set forth hereat.

37.     Sections 201 and 202 of the California Labor Code require defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.

| Complaint for Damages | |
|---|---|
| | |

1  The penalty cannot exceed 30 days of wages.

2  38.    Defendant did not, and still has not, paid Plaintiffs all of the wages due to

3  them. As a consequence of Defendants' willful conduct in not paying all wages

4  due within 72 hours of the termination of employment, Plaintiffs are entitled not

5  only to all unpaid wages owed to and due, but to 30 days' wages as a penalty

6  under California Labor Code section 203 for failure to pay the amounts owed in a

7  timely fashion.

8          WHEREFORE, Plaintiffs request relief as prayed for herein.

9  //

10  **SEVENTH CAUSE OF ACTION**

11  **CIVIL PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE**

12  **ATTORNEYS GENERAL ACT**

13  39.    Plaintiffs reallege each and every allegation as set forth, *supra*, and

14  incorporate them herein by reference as though fully set forth hereat.

15  40.    Defendant violated the following provisions of the California Labor Code as

16  they applied to all of Defendant's employees:

17          A.    201 and/or 202 by not timely paying terminated employees all of the

18                wages they were due at the time of discharge,

19          B.    203 by not paying employees the penalty wages called for by that

20                section,

21          C.    204 by failing to timely pay employees for all of their time worked

22                and for withholding portions of employee pay and paying discounted

23                amounts of that pay in excess of a month after the wages were earned,

24          D.    226 by failing to furnish each of their employees an accurate itemized

25                statement in writing showing the items listed in Labor Code Section

26                226(a);

27          E.    226.7 by failing to provide rest breaks and/or the additional

28                compensation required for missed rest breaks;

| Complaint for Damages | |
|---|---|
| | Page 8 |

1        F.      510 failing to pay the wages and/or overtime compensation required
2                by those sections; and

3    41.    Having violated the aforementioned sections of the California Labor Code,
4    Defendant is liable for the civil penalties called for by various sections of the
5    Labor Code, including, but not necessarily limited to, sections 558 and 2699.

6    42.    Plaintiffs are two of the persons who were aggrieved by Defendant's
7    violation of one or more of the above referenced violations and are, therefore,
8    proper plaintiffs to assess and collect the civil penalties applicable for such
9    violations on behalf of themselves, the State of California and Defendant's other
10   current and/or former employees aggrieved by such violations.

11          WHEREFORE, Plaintiffs request that the Court impose the civil penalties
12   appropriate for the aforementioned violations affecting the Plaintiffs and their co-
13   workers.

14   //

15                          **PRAYER FOR RELIEF**

16          FOR THE FOREGOING REASONS, Plaintiffs pray that they be afforded a
17   jury trial on all issues triable to a jury and that they be awarded relief from
18   defendant as follows:

19   1.     That the Defendant be ordered to compensate Plaintiffs at an overtime rate
20   for all days on which they worked more than 8 hours or weeks during which they
21   worked more than 40 hours;

22   2.     That the Defendant be ordered to compensate Plaintiffs for all of the time
23   they were held on-call at the NAWS;

24   3.     For all statutory penalties to which they are entitled;

25   4.     Pursuant to the California Labor Code Private Attorneys Act, for all civil
26   penalties applicable for the violations affecting themselves and Defendant's other
27   current and former employees, including, but not limited to, those contained in
28   California Labor Code Section 558;

| Complaint for Damages | |
|---|---|
| | Page 9 |

1    5.      For prejudgment interest on the sums awarded;

2    6.      For a post-trial award of costs and reasonable attorney's fees; and

3    7.      All such other and further relief as the Court may deem proper.

4    //

5                                        LAW OFFICES OF PAUL D. JACKSON

6

7

8    DATED:    August 29, 2013      BY:  s/ Paul D. Jackson
9                                        Paul D. Jackson
                                         Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Complaint for Damages | |
| --- | --- |
| | |

Exhibit A

**TOLLING AGREEMENT**

This Tolling Agreement (the "Agreement") is made effective as of the 28th day of May 2013, (the "Effective Date") by and between Logan Halliwell and Aaron Sleichter (the "Claimants") on the one hand, and A-T Solutions, Inc. ("ATS"), on the other hand (collectively, the "Parties").

A.     Whereas, the Parties deem it to be in their mutual benefit that Claimants' alleged Claims outlined in the April 24, 2013, communication from Paul D. Jackson, Claimants' counsel, to the California Labor & Workforce Development Agency, and any and all related claims, not be asserted in litigation at the present time;

B.     Whereas, the Claimants and ATS desire to encourage resolution and/or such further review or disposition of Claimants' Claims as may result in no lawsuit or claim being filed and, in any case, wish to avoid the expense and uncertainty of litigation of the Claims if at all possible, and are willing to make the stipulation, covenants and agreements hereinafter set forth in order to defer and postpone the commencement of litigation; and

C.     Whereas, the Parties desire that for the period of this Agreement, they should be able to consider issues relating to the possibility of settling disputes without regard to the time constraints that exist because of any future expiration of any applicable statute of limitations;

Now therefore, in consideration of the mutual agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

1. As used in this Agreement, the following terms shall have the following meanings:

   a. "Claims" shall mean any and all claims and/or causes of action, if any, known or unknown of the Claimants against ATS that Claimants have in connection with their employment with ATS, including but not limited to claims under (i) Labor Code sec. 510 for overtime pay; (ii) Labor Code sec. 204 for on-call time pay; (iii) Labor Code sec. 226 for incorrect wage statements; (iv) Labor Code sec. 226.7 for missed rest periods; (v) Labor Code sec. 201 and/or 202; (vi) Labor Code sec. 203 for waiting time penalties; and (vii) Labor Code sec. 2698 et. seq. for penalties under the Private Attorneys General Act. No statute of limitations shall run against Claimants or any persons whom Claimants may represent pursuant to the California Labor Code Private Attorneys General Act and the same shall be tolled during the period of time while this Agreement is in effect and neither party shall put forward or rely upon the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat the claims made or to be made in the Action. In other words, while this Agreement is in effect, the time period between May 28, 2013 and the date of the termination of this Agreement shall not be counted when calculating any limitations periods for Claimants' Claims. Similarly, no statute of limitations shall run against ATS or any defendants, potential or otherwise, as to any defenses that may be available as of the date of this Agreement. In other words, while this Agreement is in effect,

the time period between May 28, 2013, and the date of the termination of this Agreement shall not be counted when calculating any limitations periods for ATS' defenses.

b. "Tolling Period" shall mean the period from and including the Effective Date of this Agreement until and including the Expiration Date, as defined below in paragraph 8, of this Agreement.

2. Commencing on May 28, 2013, and for the duration of this Agreement, the Parties agree that all applicable statutes of limitations as to any and all Claims that Claimants (or either of them) may have against ATS, in connection with, related to, or arising from the Claims, shall be tolled and suspended during the period of time this Agreement is in effect.

3. The Parties hereby waive any defense by way of any statute of limitations, which would otherwise arise during such period.

4. This waiver shall not be construed as a waiver of any statute of limitations defense that has become established as of the effective date of this Agreement, or which would arise after the date of termination of this Agreement, excluding the period during which the Agreement has operated to toll any applicable statute of limitations.

5. The running of all applicable statutes of limitations shall commence again on the termination of this Agreement, unless there is an extension of this Agreement executed in writing by and on behalf of the parties hereto.

6. Upon termination of this Agreement, or termination of any written extension thereof, the Parties shall be returned to the status quo as of the effective date of this Agreement.

7. It is understood that by entering into this Tolling Agreement, neither party is waiving any claims, rights or defenses that may have accrued up to the effective date of this Agreement. Further, ATS' agreement hereunder is not, and shall not be construed as any admission of any fact related to Claimants' Claims nor shall it be construed as an agreement by ATS that Claimants' Claims have merit.

8. Tolling Period. The Effective Date of this Agreement is May 28, 2013. This Agreement will terminate on July 29, 2013, unless extended in writing by the parties hereto (the "Expiration Date"). However, Either party may terminate this Agreement with at least seven (7) days notice to the other by providing notice of intent to terminate in writing addressed to the opposing counsel at the by facsimile and to the address indicated below by serving written notice of termination by FedEx or certified mail return receipt requested, in which event the tolling period will be from May 28, 2013, to seven (7) calendar days after said FedEx or certified mail notice was delivered to the office of the opposing counsel.

Claimants' counsel's address:

Paul D. Jackson, Esq.
Law Offices of Paul D. Jackson
10951 Sorrento Valley Road, Suite 1-G
San Diego, CA 92121

Fax: 858.552.4904
Email: paul@jacksonlaw.biz

A-T Solutions, Inc.'s counsel's address:

B. Allison Borkenheim, Esq.
The Consultancy Law Group, APC
600 W. Broadway, Suite 700
San Diego, CA 92101

Fax: 619.377.0024
Email: allison@consultancylawgroup.com

9. This Agreement shall not be offered in evidence in any action or proceeding except to prove that the statute of limitations was tolled for the period of time during which this Agreement was in effect.

10. This Agreement may be signed in counterpart originals, and a faxed or scanned signature hereon by either party shall be effective for all purposes.

**SO AGREED:**

**ON BEHALF OF CLAIMANTS**

Date: 5/2-5/13

Paul D. Jackson
Attorney for Claimants

**ON BEHALF OF A-T SOLUTIONS, INC.**

Date: May 28, 2013

B. Allison Borkenheim, Esq.
Attorney for A-T Solutions, Inc.:

<u>AMENDMENT NO. 1 TO THE TOLLING AGREEMENT</u>

      THIS AMENDMENT NO. 1 TO THE TOLLING AGREEMENT (the "Amendment") is effective as of July 24, 2013, by and between Logan Halliwell and Aaron Sleichter (the "Claimants") on the one hand, and A-T Solutions, Inc. ("ATS"), on the other hand (collectively, the "Parties").

      WHEREAS, on or about May 28, 2013, the Claimants and ATS entered into a Tolling Agreement (the "Agreement");

      WHEREAS, by its terms, the Agreement would terminate on July 29, 2013, unless extended by the Parties in writing;

      WHEREAS, Jenner & Block LLP has been engaged by ATS to assist with the resolution of the Parties' dispute; and

      WHEREAS, the Parties wish to continue their investigations and negotiations in an effort to try to resolve their dispute without the need for litigation, and to negotiate a resolution of the dispute without the time constraints due to any applicable statute of limitations or other time-related defenses that may apply to any claims ore demands regarding the dispute;

      NOW, THEREFORE, in consideration of the mutual promise and covenants contained herein, the Claimants and ATS agree that the Agreement is hereby amended as follows:

      1.     The Claimants and ATS agree that the Expiration Date shall be August 28, 2013, unless extended in writing by the Parties.  However, either Party may terminate the Agreement with at least seven (7) days notice to the other by providing notice as specified in Paragraph 8 of the Agreement.

      2.     Hereinafter, the address of A-T Solutions, Inc.'s counsel shall be:

             Kelly M. Morrison
             L. David Russell
             Jenner & Block LLP
             633 West 5th Street, Suite 3600
             Los Angeles, CA 90071

      3.     All other provisions of the Agreement shall remain in full force and effect.

//
//

**SO AGREED:**

Date: _7/24/13_

**ON BEHALF OF CLAIMANTS**

Paul D. Jackson
Attorney for Claimants

**ON BEHALF OF A-T SOLUTIONS, INC.**

Date: _July 24, 2013_

Kelly M. Morrison
Attorney for A-T Solutions, Inc.

2

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS
Logan Halliwell and Aaron Sleichter

**DEFENDANTS**
A-T Solutions

**(b)**  County of Residence of First Listed Plaintiff   Santa Cruz
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Paul D. Jackson
10951 Sorrento Valley Road, Suite 1-G, San Diego, CA 92121
(858) 552-4900

Attorneys *(If Known)*

'13CV2014 L      BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability / **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities- / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities- / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC § 207(a); 29 CFR 785.17 ' 28·431
Brief description of cause:
Failure to pay overtime and wages; failure to provide proper wage statements; failure to timely pay wages; PAGA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Hon. Marilyn L. Huff          DOCKET NUMBER   13CV0770 H KSC

DATE
08/29/2013

SIGNATURE OF ATTORNEY OF RECORD
s/ Paul D. Jackson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.