1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  LOGAN HALLIWELL and AARON SLEICHTER, | CASE NO. 13-CV-2014-H (KSC) |
| 12                              Plaintiffs, | **ORDER:** |
| 13 | **(1) DENYING PLAINTIFFS' MOTION FOR** |
| 14 | **RECONSIDERATION [Doc. No. 42];** |
| 15 | |
| 16  vs. | **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR IN CAMERA REVIEW [Doc. No. 43];** |
| 17 | |
| 18 | **(3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY OR, ALTERNATIVELY, TO EXTEND DISCOVERY CUT-OFF [Doc No. 44];** |
| 19 | |
| 20 | |
| 21 | |
| 22  A-T SOLUTIONS, | **(4) GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER [Doc. No. 53]; and** |
| 23                              Defendant. | |
| 24 | |
| 25 | **(5) SCHEDULING BRIEFING DEADLINES FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| 26 | |
| 27 | |
| 28 | |

On July 31, 2014, Plaintiffs Logan Halliwell and Aaron Sleichter ("Plaintffs") filed a motion for reconsideration of the Court's November 7, 2013 order dismissing Plaintiffs' California Private Attorney General Act claim without prejudice. (Doc. No. 42.)  On August 25, 2014, A-T Solutions ("Defendant") filed its opposition to Plaintiffs' motion for reconsideration. (Doc. No. 50.) On August 28, 2014, Plaintiffs filed their reply.  (Doc. No. 52.)[1]  On July 31, 2014, Plaintiffs also filed a motion for an order requiring Defendant to submit classified evidence for in camera review. (Doc. No. 43.)  On August 25, 2014, Defendant filed its opposition to Plaintiffs' motion for an order requiring in camera review of classified evidence. (Doc. No. 51.) On August 29, 2014, Plaintiffs filed their reply. (Doc. No. 54.) On August 5, 2014, Defendant filed an ex parte motion to stay or, alternatively, to extend the discovery cut-off. (Doc. No. 44.) On August 7, 2014, Plaintiffs filed their opposition to Defendant's ex parte motion to stay. (Doc. No. 45.)  Defendant did not file a reply.  On August 29, 2014, Defendant filed an objection to the magistrate judge's August 15, 2014 order determining discovery disputes. (Doc. No. 53.) On September 5, 2014, Plaintiffs filed a response in opposition to Defendant's objection.  (Doc. No. 56.)

On September 9, 2014, the Court held a hearing on Plaintiffs' and Defendant's motions.  Paul Jackson and Jeffrey Jackson appeared on behalf of Plaintiffs.  Brent Caslin and Kelly M. Morrison appeared on behalf of Defendant.   After due consideration, the Court denies Plaintiffs' motion for reconsideration, grants in part and denies in part Plaintiffs' motion for an order requiring Defendant to submit classified evidence for in camera review, grants in part and denies in part Defendant's motion to stay or, alternatively, extend the discovery cut-off, and grants in part and denies in part Defendant's objection to the magistrate judge's discovery order without prejudice to

---

[1]The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that Plaintiffs' motion for reconsideration is appropriate for resolution without oral argument and submits the motion on the parties' papers.

1    further request.[2]

2    **Background**

3    Plaintiffs Logan Halliwell and Aaron Sleichter are former employees of A-T

4    Solutions. (Doc. No. 1 "Compl." ¶¶ 7-8.) Defendant A-T Solutions is a contractor for

5    the United States military. (Id. ¶ 10.) Defendant employed Plaintiffs as combat ready

6    instructors and assigned them to give instructions to military personnel at various sites

7    in California. (Id. ¶ 10.)

8    Plaintiffs allege that while employed by Defendant, Defendant treated them as

9    exempt employees under state and federal labor laws. (Id. ¶ 14.) Plaintiffs allege that

10   Defendant should have treated them as non-exempt employees and paid them overtime

11   wages. (Id. ¶¶ 14-16.) Defendant claims Plaintiffs were exempt from California and

12   federal overtime laws under the "learned professional, administrative, and/or teacher

13   exemptions." (Doc. No. 11 at 8.)

14   Defendant claims it needs to use classified and "official" information to establish

15   that Plaintiffs were exempt employees under California and federal law. (Doc. No. 51

16   at 7.)

17   **Procedural History**

18   On August 29, 2013, Plaintiffs filed their complaint against Defendant. (Id.)

19   Plaintiffs allege Defendant violated the California Labor Code and the Fair Labor

20   Standards Act ("FLSA") by failing to pay Plaintiffs overtime wages, pay Plaintiffs for

21   ─────────────────────────

22   [2]Defendant represented that it has complied with the magistrate judge's discovery order
     (Doc. No. 48 at 7-8) except as to active duty military personnel. Plaintiffs contend they need

23   the contact information of active duty military personnel to establish that Navy personnel
     ordered Plaintiffs to remain on base. Defendant suggested a more practical solution for

24   Plaintiffs to obtain the names and contact information of active duty military personnel would
     be for Plaintiffs to request the information from the Navy JAG officer with whom both parties

25   have been in contact. The Court agrees. Accordingly, the Court modifies the order
     determining discovery disputes (Doc. No. 48) to order Plaintiffs to request, in writing, the

26   active duty personnel's contact information from the JAG officer with whom the parties have
     been in contact without prejudice to Plaintiffs' right to renew its request before this Court.

27   This Order applies only to information relating to active duty military personnel.

28

being held on call, provide proper wage statements, and timely pay all wages due at termination. (Compl. ¶¶ 19-38.) Plaintiffs' complaint also contained a cause of action under the California Private Attorney General Act ("PAGA") on behalf of themselves, the state of California, and other employees. (Id. ¶¶ 39-42.)

On September 24, 2013, Defendant filed a motion to dismiss Plaintiffs' PAGA claim. (Doc. No. 5.) On November 7, 2013, the Court granted Defendant's motion, dismissed Plaintiffs' PAGA claim without prejudice, and granted Plaintiffs thirty days to file an amended complaint. (Doc. No. 10.) On December 20, 2013, Defendant filed an answer to Plaintiffs' complaint. (Doc. No. 11.) On May 9, 2014, Plaintiffs filed a motion to amend the complaint, but withdrew that motion on June 9, 2014. (Doc. Nos. 20, 31.)

On April 1, 2014, the magistrate judge held a scheduling conference and on April 3, 2014 the magistrate judge issued the Court's scheduling order. (Doc. Nos. 18, 19.) During the scheduling conference, the parties discussed the impact of classified information on the discovery process. (Doc. No. 19.) The Court ordered the parties to meet and confer in good faith with regard to all discovery disputes, including disputes related to classified information. (Id.)

On May 15, 2014, Plaintiffs filed a motion for summary judgment on Defendant's exemption defense. (Doc. No. 21.) On May 21, 2014, Defendant filed an ex parte motion to stay the case for four months. (Doc. No. 22.) On May 27, 2014, the Court denied without prejudice Plaintiffs' motion for summary judgment and denied Defendant's motion to stay. (Doc. No. 26.)

## Discussion

### I.  Reconsideration of the Order Dismissing Plaintiffs' PAGA Claim

On November 7, 2013, the Court granted Defendant's motion to dismiss Plaintiffs' PAGA claims for failure to comply with the class action pleading

requirements of Federal Rule of Civil Procedure 23.  (Doc. No. 10.)  The Court found Rule 23 applied to PAGA claims pursued in federal court.  (Id. at 5-6.)  Plaintiffs now seek reconsideration of the Court's order.  (Doc. No. 42.)

### A.    Legal Standards for a Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000).  The Ninth Circuit has explained that reconsideration of a prior order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"  Marlyn Nutraceuticals, Inc. v. Mucos Pharma. GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); see also Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that reconsideration of a prior order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.).  "[M]ere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief."  SLPR, LLC v. San Diego Unified Port Dist., 2010 U.S. Dist. LEXIS 55904, at *3 (S.D. Cal. Jun. 8, 2010); see Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981); United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" Marlyn Nutraceuticals, 571 F.3d at 880; see also Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citations omitted) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [a prior order], and a party that fails to introduce facts in a motion or opposition

cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable."). Denial of a motion for reconsideration is reviewed under the abuse of discretion standard. <u>School District No. 1J</u>, 5 F.3d at 1262.

### B.    Analysis

Plaintiffs' argue the Court should reconsider its November 7, 2013 order dismissing Plaintiffs' PAGA claim because the Ninth Circuit's March 13, 2014 opinion in <u>Baumann v. Chase Investment Services Corp.</u>, 747 F.3d 1117 (9th Cir. 2014), has changed the applicable law.[3]  (Doc. No. 42-1 at 2.)  In <u>Baumann</u>, the Ninth Circuit addressed whether a district court may "exercise original jurisdiction over a PAGA action under the Class Action Fairness Act of 2005 ('CAFA')." <u>Id.</u> at 1119.  The court held that CAFA provides no basis for federal jurisdiction over PAGA claims because PAGA claims are not "class actions" under CAFA. <u>Id.</u> at 1124.  The issue in <u>Baumann</u> was narrow and the court did not address whether Rule 23 applies to PAGA claims over which a federal court has jurisdiction.  <u>See id.</u> ("We do not today decide whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action. We hold only that PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA.").  Thus, <u>Baumann</u> does not represent "an intervening change in controlling law." <u>School District No. 1J</u>, 5 F.3d at 1263.  Accordingly, the Court denies Plaintiffs' motion for reconsideration.

## II.    In Camera Review of Classified Evidence

Plaintiffs request the Court order Defendant to present for in camera review the classified information Defendant claims is necessary to establish its defense along with

---

[3]Plaintiffs filed their motion for reconsideration more than four months after the Ninth Circuit issued <u>Baumann</u>, but have not attempted to explain the delay.

an explanation of which element of the defense is supported by the classified information. (Doc. No. 43-1 at 7.)  Defendant responds that the information it needs to show Plaintiffs were exempt employees is "official" Navy information, classified, or both and before Defendant can disclose the information, the Navy must give permission to disclose the official information and declassify the classified information. (Doc. No. 51 at 7-9.)  Defendant also contends that in camera review of classified and official information is unworkable because much of the information is testimonial and will require ex parte examination of witnesses.  (Id. at 17-18.)

Defendant claims Plaintiffs were exempt employees under one or more of the learned professional, administrative, or teacher exemptions. (Doc. No. 11 at 8.)  Under the FLSA, employers are not required to pay overtime to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). "To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.301(a).  This "primary duty" test has three elements: "(1) [t]he employee must perform work requiring advanced knowledge; (2) [t]he advanced knowledge must be in a field of science or learning; and (3) [t]he advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction." Id. § 541.301(a)(1)-(3).  Under the FLSA, an administrative employee is one "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers and . . . includes the exercise of discretion and independent judgment with respect to matters of significance." Id. § 541.200(a)(2)-(3).  A teacher is "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity

as a teacher in an educational establishment by which the employee is employed." Id. § 541.303(a). "Educational establishments" include institutions of higher education and "other educational institution[s]." Id. § 541.204(b).

## A.    Official Information

Official information is "[a]ll information of any kind, however stored, in the custody and control of the [Department of Defense ("DOD")] and its components including the [Department of the Navy ("DON")]; relating to information in the custody and control of DOD or its components; or acquired by DOD personnel or its component personnel as part of their official duties or because of their official status within DOD or its components, while such personnel were employed by or on behalf of the DOD or on active duty with the United States Armed Forces."   32 C.F.R. § 725.4(e).  Navy personnel include, among others, active and former members of the Navy and Navy contractors and their employees. Id. § 725.4(b).  The Navy prohibits personnel from providing "official information, testimony, or documents" without first obtaining the Navy's permission. Id. § 725.2(b).  The Department of the Army has substantially similar definitions and prohibitions. 32 C.F.R. §§ 516 App. F, 516.41(a), 516.41(b).

Defendant claims information needed to establish that Plaintiffs were exempt employees, including testimony from Plaintiffs regarding their military training as members of the Navy and Army, is official information that cannot be disclosed without prior Navy and Army permission. (Doc. No. 51 at 9-10, 14, 18.)  Whether the information regarding Plaintiffs' training and military service is official information the Navy and Army must permit to be disclosed is a question the court does not need to address in this Order.

A private party has no standing to enforce military regulations that require a witness to receive permission from the military before testifying. United States ex rel.

Treat Brothers Co., 986 F.2d 1110, 1119 (7th Cir. 1993).  In Treat Brothers, the defendant claimed the district court erred by admitting the testimony of two Army engineers who did not receive written permission before testifying as to official information.  Id. at 1118.  The Seventh Circuit held that the defendant, as a private party, had no standing to enforce the Army regulations requiring written permission to testify because the Army regulations were not intended to benefit private litigants.  Id. at 1119.  ("[T]he regulations are meant to prescribe 'policy and procedures for the representation of the Department of the Army and its personnel in civilian court proceedings,' as well as the 'prosecution of offenses committed on military installations; and the release of information and appearance of witnesses in criminal and civil court actions.'") (quoting 32 C.F.R. § 516.1 et seq.).  The court noted that "if any violation of the regulations occurred, this would be a matter between the two witnesses and the Army, not between [the private litigants]."  Id.

Here, as in Treat Brothers, the litigation is between private parties and the government has not intervened to enforce any military regulations.  The Army regulations at issue are the same as those in Treat Brothers and are substantially similar to the corresponding Navy regulations.  See id. at 1118.  Thus, Defendant has no standing to invoke the Army and Navy regulations to prevent Plaintiffs or other witnesses from testifying or providing information.

Defendant also claims the Navy's regulations regarding official information require the Navy to give permission before Defendant discloses the information required for its defense. (Doc. No. 51 at 7-9.)  Section 725's purpose is to "prescribe[] conduct of [Navy] personnel in response to a litigation request or demand." 32 C.F.R. § 725.1.  Section 725 regulates the response of Navy personnel to discovery requests that seek official information.  See, e.g., id. § 725.5(c) ("This instruction provides guidance only for DON operation and activities of its present and former personnel in

responding to litigation requests.").  Defendant has provided no support for its claim that section 725 applies to information a defendant seeks to introduce to support its defense.  Accordingly, the Navy's regulations regarding official information do not prevent Defendant from disclosing information within its control establishing Plaintiffs were exempt employees.

## B.    Classified Information

Classified information is "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3 § 1(a).  In criminal cases, the Classified Information Procedures Act ("CIPA") provides procedures for disclosing and using relevant classified information. See id. § 1 et seq.  CIPA only applies to criminal cases, but courts and the government follow similar procedures in civil cases.   Robert Timothy Reagan, Keeping Government Secrets: A Pocket Guide on the State-Secrets Privilege, the Classified Information Procedures Act, and Classified Information Security Officers 9 (2d ed. 2013); see 28 C.F.R. § 17.17(c).

CIPA provides for a hearing to determine how classified evidence will be handled at trial. 18 U.S.C. App. 3 § 6(a).  The hearing may be conducted in camera and may be used to determine the use, relevancy, and admissibility of classified information.  Id.; see also 28 C.F.R. § 17.17(c)(1) (providing that in civil cases, the government shall seek a "determination by the court of the relevance and materiality of the classified information in question").  If the court determines that the classified information presented at the hearing may not be disclosed, the court is to seal the hearing record and preserve it for appeal. Id. § 6(d).  CIPA hearings may be held ex parte.    Reagan, Keeping Government Secrets at 13; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998).  CIPA provides that when

1   the court determines that classified information must be disclosed to the defense, the
2   government "may move that, in lieu of the disclosure of such specific classified
3   information, the court order: (A) the substitution for such classified information of a
4   statement admitting relevant facts that the specific classified information would tend
5   to prove; or (B) the substitution for such classified information of a summary of the
6   specific classified information." 18 U.S.C. App. 3 § 6(c).   CIPA also recognizes that
7   a key tool in protecting classified information from disclosure is the protective order.
8   See id. § 3; 28 C.F.R. § 17.17(c)(2).

9        Here, Defendant has not provided any specific details about what items of
10   classified information, either documentary evidence or summaries of testimony,
11   support its claim that Plaintiffs were exempt employees and how the classified
12   information supports that claim.  Further, neither party has taken any depositions.
13   Because the primary issue is whether Plaintiffs were exempt learned professionals,
14   teachers, or administrative employees, information regarding Plaintiffs' employment
15   at A-T Solutions and their experience and qualifications is known to all parties.[4]  For
16   that reason, the Court orders Defendant to depose Plaintiffs within 60 days of this
17   Order.  If some of this information is classified and already known to both sides,
18   further disclosure can be handled by protective order and filing documents under seal.
19   Neither Defendant nor Plaintiffs may depose any other witnesses until Defendant has
20   deposed Plaintiffs.[5]

21        Defendant must provide to the Court for in camera review information
22   supporting a  threshold showing that Plaintiffs were exempt employees.  Defendant is

23
24        [4]The Court disagrees with Defendant's position that an employer cannot discuss with
25   its own former employees what those employees did while employed.

26        [5]Plaintiffs and their counsel are on notice that Plaintiffs' counsel may be prevented from
     reviewing certain discovery materials without a security clearance.  Plaintiffs' counsel must
27   take steps to secure a clearance or retain counsel with a security clearance.

28

1    not required to provide all classified information it believes to be relevant to the case,

2    but must provide a summary of the classified information that supports its threshold

3    showing.  The Court orders Defendant to submit this summary to the Court within 45

4    days of this Order.  Defendant must promptly present this Order to the Navy and report

5    to the Court the Navy's response within 30 days of this Order.

6            **III.    Motion to Stay or, Alternatively, Extend the Discovery Cut-Off**

7            Defendant has requested the Court stay the case for six months or, alternatively,

8    extend the discovery cut-off by one year so Defendant can continue its effort to get the

9    Navy to declassify information Defendant claims is pertinent to its defense.  (Doc. No

10   44 at 2.)

11           The power to stay a case is "incidental to the power inherent in every court to

12   control the disposition of the causes on its docket with economy of time and effort for

13   itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254

14   (1936).  The circumstances of this case do not warrant a stay.  In the several months

15   since Defendant's previous motion to stay, the parties have achieved little progress in

16   resolving their discovery disputes regarding information Defendant claims is classified.

17   Further, the Navy has indicated that it will not intervene in this case and it has not

18   shown any willingness to declassify any information.  A six-month stay will not assist

19   in resolving these issues.  The Court declines to extend the discovery cut-off by one

20   year, but will extend the time for discovery by 90 days.  Accordingly, the Court denies

21   Defendant's motion to stay and extends the discovery cut-off by 90 days.

22           **IV.    Scheduling Order for Cross-Motions for Summary Judgment**[6]

23           The Court sets the following briefing schedule:

24           (1)    Plaintiffs must file and serve their motion for summary judgment on or

25   _____

26           [6] Cross-motions for summary judgment are particularly appropriate in this case.  For
     example, Plaintiffs argue that a college degree is required for the professional employee
27   exemption to apply, Defendant argues a college degree is not required.

28

1  before February 9, 2015.

2         (2)    Defendant must file and serve its cross-motion for summary judgment and

3  opposition to Plaintiffs' motion on or before March 9, 2015.

4         (3)    Plaintiffs must file and serve their opposition to Defendant's cross-motion

5  and reply to Defendant's opposition on or before March 23, 2015.

6         (4)    Defendant must file any reply to Plaintiffs' opposition on or before April

7  6, 2015.

8  A hearing on the parties' motions is set for April 13, 2015 at 10:30 a.m.

9                              **Conclusion**

10        Based on the above, the Court denies Plaintiffs' motion for reconsideration,

11 grants in part and denies in part Plaintiffs' motion for an order requiring Defendant to

12 submit classified evidence for in camera review, grants in part and denies in part

13 Defendant's motion to stay or, alternatively, extend the discovery cut-off, and grants

14 in part and denies in part Defendant's objection to the magistrate judge's discovery

15 order without prejudice to further request by Plaintiffs as to active duty personnel.

16        **IT IS SO ORDERED.**

17 DATED: September 10, 2014

18                              _____
                                MARILYN L. HUFF, District Judge
19                              UNITED STATES DISTRICT COURT

20

21 cc:    Thomas C. Stahl
           Assistant U.S. Attorney, Chief, Civil Division
22         880 Front Street, Suite 6293
           San Diego, CA 92101
23

24

25

26

27

28